UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X Case No: 18-CV-9625
KIRKPATRICK B. DUNBAR,

**SECOND AMENDED COMPLAINT**

Plaintiff,

vs.

EMPIRE SZECHUAN NOODLE HOUSE INC.
And NEW GOLD EQUITIES CORP.

Defendants.
-------------------------------------------------------------------X

**INJUNCTIVE RELIEF SOUGHT**

Plaintiff, KIRKPATRICK B. DUNBAR ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants, EMPIRE SZECHUAN NOODLE HOUSE INC. and NEW GOLD EQUITIES CORP (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and allege as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, et seq., based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York, County of New York.

**PARTIES**

3. Plaintiff, KIRKPATRICK B. DUNBAR, is a resident of the State of New York, County of Bronx, is sui juris, is disabled as defined by the ADA, is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the business at 4041 Broadway, New York, NY 10032 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

4. On April 26, 2018, Plaintiff visited the facility with the intention of being a repeat customer at "Empire." Despite having intent to patronize the facility; Plaintiff was unable to enter the Facility due to the barriers to access present at the entrance and within the Facility. Able-bodied individuals are able to freely enjoy the goods and services present at this public accommodation, whereas disabled individuals who require a wheelchair to traverse are not. Plaintiff lives 7.7 miles from the Facility and Property.

5. Plaintiff intends to visit the Facility and Property within six months, or sooner, to purchase food. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six months, or sooner, as soon as the Facility and Property are accessible again.

6. In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged

those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

7. Defendant, EMPIRE SZECHUAN NOODLE HOUSE INC., is a New York business corporation, which transacts business in the State of New York and within this judicial district. It operates the business at 4041 Broadway, New York, NY 10032 doing business as "Empire" referred to in the Complaint as the "Facility". EMPIRE SZECHUAN NOODLE HOUSE INC is the lessee, sub-lessee, lessor and/or operator of the real property and improvements which are the subject of this action.

8. NEW GOLD EQUITIES CORP. is an is a foreign limited liability company that transacts business in the State of New York and within this judicial district. NEW GOLD EQUITIES CORP. is the owner and/or operator of the real property and improvements which the Facility is situated in and is the subject of this action. (referred in this Complaint as the "Property").

**FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION**

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, et seq.

10. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(v) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural,

transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(ix) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

12. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

13. The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, et seq., and 28 C.F.R. §36.508(a).

15. The Facility must be, but is not, in compliance with the ADA and ADAAG. The Property must be, but is not, in compliance with the ADA and ADAAG.

16. Plaintiff has attempted to access the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

18. Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

19. Defendants have discriminated against Plaintiff by failing to comply with the above requirements. Prior to the filing of this Complaint, Plaintiff was made aware of the following specific violations present at the Facility. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

**ACCESSIBLE ELEMENTS**

a. There are changes in level in the Property and/or Facility exceeding ½ (one-half) inch that are not ramped in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 6 (six) inch vertical rise leading to the entrance to the Facility and an approximately 4 (four) inch vertical rise at the entrance to the Facility that is not ramped, thus rendering the Facility inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

b. The doorway of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

c. The door to the accessible entrance of the Facility lacks a proper minimum maneuvering clearance, due to the close proximity of the adjacent wall to the door hardware, in violation of section 404.2.4 of the 2010 ADAAG standards. This violation made it difficult and dangerous for Plaintiff to access the interior of the Facility.

d. Due to the accessible barrier present at the accessible entrance, the Facility lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of section 206.2.1 of the 2010 ADAAG standards.

e. The Facility lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with section 404 of the 2010 ADAAG standards, if such an entrance exists. This policy decision by Defendant(s) violates section 216.6 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to find an accessible entrance.

f. The Facility lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards.

g. There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

h. The interior of the Facility has sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation

of section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

i. Due to a policy of placing tables and chairs and the presence of a counter on the access route to the restroom, there is not a thirty-six-inch clear access route to the restroom in violation of section 403.5.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to utilize the restroom (if he were to have been able to access the interior).

j. Defendant fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

RESTROOMS

a. The Facility lacks restroom signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

b. The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

c. The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

d. Restrooms have a sink with inadequate knee and toe clearance in violation of section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

e. The controls on the faucets require pinching and turning of the wrists in violation of section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

f. The hand operated flush control is not located on the open side of the accessible toilet in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

g. The restrooms in the Facility have grab bars adjacent to the commode which are not in compliance with section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff to safely utilize the restroom facilities.

h. The restrooms in the Facility have grab bars adjacent to the commode which are not in compliance with section 604.5.2 of the 2010 ADAAG standards as the rear bar does not properly extend from the centerline of the toilet. This made it difficult for Plaintiff to safely utilize the restroom facilities.

i. The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

j. There is a vertical rise exceeding ½ (one-half) inch at the threshold to the door leading to the restrooms in violation of section 404.2.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

20. Since the barriers to access at the Facility and Property prevented Plaintiff from entering, the above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property. Plaintiff

requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

21. The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

22. Upon information and belief, the Facility and Property has been altered since 2010.

23. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 19 can be applied to the 1991 ADAAG standards.

24. Plaintiff has attempted to gain access to the Facility and Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until Defendant are compelled to remove the unlawful barriers and conditions and comply with the ADA.

25. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

26. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant are required to remove the physical barriers, dangerous conditions and ADA violations that exist

at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

27. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendant pursuant to 42 U.S.C. § § 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants.

28. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

## **SECOND CAUSE OF ACTION- VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW**

29. The New York City Human Rights Law provides:

> "(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of... disability NYC Admin. Code § 8-107(4)(a)."

30. Defendant are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

31. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 as if set forth in their entirety here.

**THIRD CAUSE OF ACTION- VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

32. The New York State Human Rights Law provides:

> "(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation..., because of the disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of... disability. NYS Exec. Law § 296 (2)(a)."

33. Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

34. The Defendant have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

35. Defendant are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

36. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 35 as if set forth in their entirety here.

**DAMAGES, ATTORNEY FEES AND COSTS**

37. The Plaintiff demands five hundred dollars ($500.00) in compensatory damages based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

38. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and

expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

39. Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants **EMPIRE SZECHUAN NOODLE HOUSE INC. and NEW GOLD EQUITIES CORP.** from continuing their discriminatory practices, ordering , to remove the physical barriers to access and alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

Dated: February 19, 2019

New York, New York

Respectfully Submitted,

SEKENDIZ LAW FIRM P.C.

/s/ Ismail S. Sekendiz
Ismail S. Sekendiz (IS-0509)
Attorney for Plaintiff
45 Broadway Suite: 1420
New York, New York 10006
(212) 380-8087
isinan@hotmail.com