UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KIRKPATRICK B. DUNBAR,

                         Plaintiff                 Case No.:1:18-CV-9625
                                                        Deborah A. Batts, United States District Judge

      against-

                                                          **DECLARATION**

EMPIRE SZECHUAN NOODLE HOUSE
INC., and NEW GOLD EQUITIES CORP.,

                         Defendants
_____

    I, Donald Olenick, declare pursuant to 28 U.S.C. 1746:

    1. I am the Senior Vice President and General Counsel for BLDG Management Co. Inc., the managing agent of New Gold Equities Corp. and have personal knowledge of the facts of this case.

**Nature of the Action and Pleadings**

    2. The complaint pleads a federal action pursuant to the Americans with Disabilities Act 42 U.S.C. 12181, et seq., and a state action pursuant to the New York City Human Rights Law, NYC Admin. Code 8-107(4)(a) and New York State Human Rights Law, NYS Exec. Law 296 (2(a).

    3. A copy of the Second Amended Complaint, filed March 11, 2019 as Document 19 is annexed as Exhibit "A". A copy of the Answer of defendant Empire Szechuan Noodle House Inc. ("Empire"), filed April 8, 2019 as Document 22 is annexed as Exhibit "B". A copy of the Answer of defendant New Gold Equities Corp. ( "New Gold") , filed May 31, 2019 as Document 33 is annexed as Exhibit "C".

**Authority to Make this Motion**

4. This Court granted defendants application for permission to make this motion by Order, filed November 19, 2019 as Document 47. See Exhibit "D".

**The Facts**

5. Paragraphs 7 and 8 of the Amended Complaint contain allegations that the defendant Empire operates its business at 4041 Broadway New York, NY 10032 and that defendant New Gold owns and manages the real property, a portion of which was in the possession of Empire. The answer of New Gold admits ownership of the premises*

**Lease**

6. Empire, a domestic corporation, was dissolved on October 24, 2019. (Exhibit "J") On or about May 20, 1992, Empire entered into a lease for the subject premises. (Exhibit "K") ** The lease was amended on June 9, 2002 (Exhibit "M") On November 30, 2015, the lease was assigned by Empire to AFC Restaurant, Inc. (Exhibit "N") The assignee is a domestic corporation. (Exhibit "O")

---

\* While the deed to the subject real property was in the name of IG Greenpoint Corp., a domestic corporation, Exhibit "E", the New York State Department of State, Division of Corporations Entity Information Print-Out shows that: (a) the owner of the fee was "merged out", Exhibits "F" and (b) New Gold which had been inactive became an active New Jersey Corporation, Exhibits "G" and "H". IG Greenpoint Corp. merged into New Gold. A copy of the Certificate of Merger is annexed as Exhibit "I" Thus New Gold is the owner of the subject real property.

\*\* The lessor Greenpoint Terminal Warehouse Inc., a then affiliate of the owner, is now inactive. (Exhibit "L")

**Eviction**

7. Annexed hereto as Exhibit "P" is a copy of the City Marshal's file in the summary proceeding entitled "New Gold Equities Corp. v AFC Empire Restaurant, Inc, at premises "4041 Broadway Chinese Restaurant New York NY 10032". It demonstrates that the landlord and the tenant entered into a stipulation in Court on October 18, 2018. It provided the tenant with an extended period of time to pay rental arrears.

8. The rent history labeled "Resident Ledger" shows that the landlord gave the tenant considerable latitude but ultimately when rental arrears increased [from $31,331.88 on January 18, 2018 to $74,582.69 on August 1, 2019] the landlord enforced the stipulation.

9. On August 22, 2019 the tenant was evicted from the subject premises as a result of the tenant's default under the terms of the stipulation.

10. According to an Image I retrieved from Google Maps, dated October 2017, the tenant did business as "Empire Noodles Asian Food". (Exhibit "Q")

11. Paragraph 4 of Plaintiff's Second Amended Complaint pleads that plaintiff was unable to enter the premises due to barriers to access on April 26, 2018. As previously indicated, as of November 30, 2015, Empire no longer operated the restaurant as the premises.

12. In any event, it cannot be disputed that on August 22, 2019 the actual restaurant that was operational on April 26, 2018 ceased to operate the restaurant business at a place of public accommodation at 4041 Broadway.

13. For reasons described in the annexed Memorandum of Law, the complaint in this action should be dismissed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 5th, 2019

_____
Donald Olenick

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRKPATRICK B. DUNBAR,

                Plaintiff

against-

EMPIRE SZECHUAN NOODLE HOUSE
INC., and NEW GOLD EQUITIES CORP.,

                Defendants

Case No.:1:18-CV-9625
Deborah A. Batts,
United States District Judge

**NOTICE OF MOTION AND DECLARATION OF DEFENDANT
NEW GOLD EQUITIES CORP. IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

Robert F Moraco Esq.
Of Counsel to Donald Olenick, Esq.
Attorney for New Gold Equities Corp.,
Defendant-Movant
Livoti Bernstein & Moraco, PC
122 East 42nd Street
(17th Floor)
New York NY 10168
Office:212-551-1164
robert.moraco@verizon.net

Donald Olenick, Senior Vice President and
General Counsel for BLDG Management
Co. Inc., managing agent for
New Gold Equities Corp.,
Defendant-Movant
417 Fifth Avenue (4th Floor)
New York NY 10016