**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KIRKPATRICK B. DUNBAR,

Plaintiff

against-

EMPIRE SZECHUAN NOODLE HOUSE INC., and NEW GOLD EQUITIES CORP.,

Defendants

Case No.:1:18-CV-9625
Deborah A. Batts,
United States District Judge

**MEMORANDUM OF LAW OF DEFENDANT NEW GOLD EQUITIES CORP., IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

Robert F Moraco Esq.
Of Counsel to Donald Olenick, Esq.
Attorney for New Gold Equities Corp.,
Defendant-Movant
Livoti Bernstein & Moraco, PC
122 East 42nd Street
(17th Floor)
New York NY 10168
Office:212-551-1164
robert.moraco@verizon.net

Donald Olenick, Senior Vice President and
General Counsel for BLDG Management
Co. Inc., managing agent for
New Gold Equities Corp.,
Defendant-Movant
417 Fifth Avenue (4th Floor)
New York NY 10016
(212) 624-4300 dolenick@bldg.com

## TABLE OF CONTENTS


| | | |
|---|---|---|
| Table of Authorities | | (i) |
| Preliminary Statement | | 1 |
| POINT I | **THE STIPULATION MADE IN STATE HOUSING COURT AND THE JUDGMENT OF POSSESSION, WARRANT OF EVICTION AND MARSHAL'S POSSESSION ARE RES JUDICATA AS TO THE QUESTION OF WHETHER THE RESTAURANT OPERATION HAS BEEN CLOSED** | 2 |
| POINT II | **THE ADA COMPLAINT SHOULD BE DISMISSED AS MOOT BECAUSE WHEN THE TENANT WAS EVICTED FROM THE PREMISES, AND ITS RESTAURANT BUSINESS CLOSED, THERE WAS NO LONGER A PLACE OF PUBLIC ACCOMMODATION FROM WHICH BARRIERS MUST BE REMOVED** | 4 |
| POINT III | **THE STATE AND LOCAL CLAIMS SHOULD BE DISMISSED BECAUSE THERE IS NO FEDERAL INTEREST** | 5 |
| Conclusion | | 6 |

## TABLE OF AUTHORITIES

**Citation** **Page**

**Statutes**


Americans with Disabilities Act 42 U.S.C. 12181, et seq., 1

New York City Human Rights Law , NYC Admin. Code 8-107(4)(a) 1

New York State Human Rights Law, NYS Exec. Law 296 (2)(a). 1

28 USC 1367 (c)(3) 5


**Cases**


Matter of Hunter 4 N.Y. 3d 260 (2005) 2

Chase Manhattan Bank v Natarelli 93 Misc2d 78 (Sup. Ct. Monroe Co. 1977) 2

Shire Realty Corp v Schorr 55 AD 2d 356 (1st Dept. 1977) 2

McLaughlin v Hernandez 16 AD3d 344 (1st Dept. 2005) 2

*Josey v Goord 9 NY3d 389-390 (2007)* 2

*US Bank N.A. v Greenpoint 105 AD3d 639 (1st Dept.2013),* 2

*Nottenberg v Walber 985 Co. 160 A.D. 2d 574 (1st Dept. 1990)* 2

*Jean Joseph v Burke 41 Misc3d 1225 (Dist. Ct. 2013)* 2

*Henry Modell & Co. v Ministers, Elders & Deacons of the Reformed Protestant Dutch Church 68 N.Y. 2d 456, (1986)* 3

IG Second Generation Partners, L.P. v La Motta 133 AD3d 415 (1st Dept. 2015) 3

Ebanks 547 West 147th Housing Development 3

Fund Corp 37 AD3d290 (1st Dept. 2007) 3

Giannone v York Tape & Label, Inc 548 F3d 191 (2nd Cir. 2008) 3

Yoon v Fordham University Faculty and Administrative Retirement Plan 263 F3d 196 (2nd Cir. 2001), 3

Harris v Beth Israel Medical Center 367 Fed App 184 ( 2nd Cir. 2010) 3

Thomas v Grunberg 77 LLC and 359 Columbus Avenue LLC 2017 WL 3225989 (SDNY 2017) 4,5

*Carnegie Mellon Univ v Cohill 484 U.S. 343,350 nn.7 (1988* *5*

## PRELIMINARY STATEMENT

The complaint pleads a federal action pursuant to the Americans with Disabilities Act 42 U.S.C. 12181, et seq., and a state action pursuant to the New York City Human Rights Law, NYC Admin. Code 8-107(4)(a) and New York State Human Rights Law, NYS Exec. Law 296 (2)(a).

Paragraphs 7 and 8 of the Amended Complaint contain allegations that the defendant Empire operated its business at 4041 Broadway New York, NY 10032 and that defendant New Gold owns and manages the real property, a portion of which was in the possession of Empire. The answer of New Gold admits ownership of the property though the deed is not in its name. Prior to the accrual of this action, Empire assigned the lease to AFC Restaurant Inc. The assignee operated the restaurant as a place of public accommodation on the date the action accrued. Finally, it cannot be disputed that Empire's assignee AFC Restaurant Inc. was evicted from the premises on or about August 22, 2019.

The federal count of the complaint seeks remediation and the removal of barriers to plaintiff's access to an establishment that no longer exists. In short, there is no place of "public accommodation" from which barriers may be removed and it follows that the issue of remediation became academic on August 22, 2019, the date on which the restaurant operator was removed from the premises and the restaurant closed.

The dismissal of the federal count in the complaint is mandatory and must be with prejudice. As to the state court count, dismissal should also be with prejudice as to Empire because the plaintiff named the wrong party as tenant. As to the owner New Gold, dismissal without prejudice is discretionary; but the weight of authority favors dismissal of the state court count rather than retention of a state claims in which there is no federal interest.

**POINT I**
**THE STIPULATION MADE IN STATE HOUSING COURT AND THE JUDGMENT OF POSSESSION, WARRANT OF EVICTION AND MARSHAL'S POSSESSION ARE RES JUDICATA AS TO THE QUESTION OF WHETHER THE RESTAURANT OPERATION HAS BEEN CLOSED**

In Matter of Hunter 4 N.Y. 3d 260 (2005), the court summarized the general rule of law that under the doctrine of res judicata, "a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation. The estoppel by judgment applies to parties and those in privity with parties to the prior proceeding. See *Chase Manhattan Bank v Natarelli 93 Misc2d 78 (Sup. Ct. Monroe Co. 1977), Shire Realty Corp v Schorr 55 AD 2d 356 (1st Dept. 1977), All Terrain Properties Inc. v Hoy 265 AD2d 87 (1st Dept. 2000).* Moreover, the prior adjudication is conclusive, right or wrong, until reversed on appeal or set aside. *McLaughlin v Hernandez 16 AD3d 344 (1st Dept. 2005).*

The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again. *Josey v Goord 9 NY3d 389-390 (2007), US Bank N.A. v Greenpoint 105 AD3d 639 (1st Dept.2013), See also Nottenberg v Walber 985 Co. 160 A.D. 2d 574 (1st Dept. 1990)* [ where the Court applied the doctrine of res judicata and noted that while the plaintiffs' counterclaim was "dismissed without prejudice in the summary proceeding, plaintiffs could have but did not raise the claims as an affirmative defense".]. *See also Jean Joseph v Burke 41 Misc3d 1225 (Dist. Ct. 2013)*

In *Henry Modell & Co. v Ministers, Elders & Deacons of the Reformed Protestant Dutch Church 68 N.Y. 2d 456, (1986)* the Court held that it is:

> elementary that, under the common-law doctrine of res judicata, a tenant who has been adjudged not entitled to possession in an action brought by the landlord cannot subsequently bring an action to recover possession on the basis of claims that could have been asserted in the first action. While New York does not have a compulsory counterclaim rule ... a party is not free to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory. (citations omitted) Underlying this rule is the recognition that it is to the interest of the State that there should be an end to litigation.

Even stipulations made in a Housing Court summary proceeding are entitled to res judicata effect and bar subsequent inconsistent actions. *See IG Second Generation Partners, L.P. v La Motta 133 AD3d 415 (1st Dept. 2015), Ebanks 547 West 147th Housing Development Fund Corp 37 AD3d290 (1st Dept. 2007)*

The second circuit has adopted New York's transactional approach to the doctrine of res judicata. *Giannone v York Tape & Label, Inc 548 F3d 191 (2nd Cir. 2008), Yoon v Fordham University Faculty and Administrative Retirement Plan 263 F3d 196 (2nd Cir. 2001), Harris v Beth Israel Medical Center 367 Fed App 184 ( 2nd Cir. 2010).* It follows that it has already been adjudicated that the restaurant operated at 4041 Broadway is closed and out of business as of August 22, 2019.

## POINT II
## THE ADA COMPLAINT SHOULD BE DISMISSED AS MOOT BECAUSE WHEN THE TENANT WAS EVICTED FROM THE PREMISES, AND ITS RESTAURANT BUSINESS CLOSED, THERE WAS NO LONGER A PLACE OF PUBLIC ACCOMMODATION FROM WHICH BARRIERS MUST BE REMOVED

In *Thomas v Grunberg 77 LLC and 359 Columbus Avenue LLC 2017 WL 3225989 (SDNY 2017)* the plaintiff was an ADA claimant and the complaint was based upon the Americans With Disabilities Act, the New York State Human rights Law and the New York City Human Rights Law. As in the case at bar, the defendants were the owner of the real property and the tenant lessee restaurant operator of Isabella's restaurant on the upper west side. In that case the tenant closed the restaurant and vacated the premises. The basic facts of *Thomas* are identical to the facts of the case at bar. In *Thomas*, the action under the Americans With Disabilities Act was dismissed with prejudice:

The Court observed:

> When such redress is no longer possible, the ADA claim becomes moot, depriving the court of subject-matter jurisdiction, and must be dismissed. See Brief, 423 Fed.Appx. at 90 (ADA claim against medical school became moot when plaintiff graduated and received his degree); Bacon, 91 F. Supp. 3d at 452 (ADA claim against pharmacy became moot after voluntary ADA compliance by defendant); Charnoff v. Baldwin Realty Grp., Inc., 8 Misc. 3d 1023(A), 803 N.Y.S.2d 17, 2005 WL 1875739, at *3 (Sup. Ct. N.Y. Co. 2005) (dismissing ADA claim regarding Carvel ice cream store because "[t]he defendant has submitted an affidavit establishing that the Carvel business is closed and the building is currently vacant"). Moreover, it is the Court's obligation, even where no motion is made, to dismiss an action if it "perceives at any stage of the proceedings that it lacks subject matter jurisdiction." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**POINT III**
**THE STATE AND LOCAL CLAIMS SHOULD BE DISMISSED BECAUSE THERE IS NO FEDERAL INTEREST**

In *Grunberg* as in the case at bar, the plaintiff argued that the state claims are still viable. While dismissal of the state law claims is discretionary under 28 USC 1367(c)(3) and *Carnegie Mellon Univ v Cohill 484 U.S. 343,350 nn.7 (1988),* the Court in *Grunberg* noted that the weight of authority favors dismissal over retention:

> Nonetheless, as explained in Cohill, in the "usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Id.; see also Kolari v. N. Y. Presbyterian Hosp., 455 F.3d 118, 123 (2d Cir. 2006) (reversing district court decision to retain supplemental jurisdiction over state law claims after dismissing federal claim, citing "the absence of a clearly articulated federal interest"); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").
> In the case at bar, the non-federal claims all present questions "best left to the courts of the State of New York." Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (affirming the dismissal of plaintiff's ADA claim on the ground that he was not disabled within the meaning of the federal statute, and declining to reach the question whether he could qualify under the broader definitions contained in the NYSHRL and the NYCHRL). This includes the question—hypothetical thus far, since no fee application has been made—whether plaintiff could be deemed a "prevailing party" for purposes of the NYCHRL under the "catalyst" theory. Nor do any of the other Cohill factors—judicial economy, convenience, and fairness—militate in favor of treating this action differently from the "usual case" in which the sole federal claim has been eliminated well before trial. Cohill, 484 U.S. at 350 n.7; see also Brief, 423 Fed.Appx. at 93 ("we leave these issues to the parties to pursue in state court if the plaintiff seeks to reinstate his state and city law claims in that forum"); Mineweaser v. City of N. Tonawanda, 2016 WL 3352046, at *16 (W.D.N.Y. Mar. 21, 2016), report and recommendation adopted sub nom. Mineweaser v. City of N. Townawanda, 2016 WL 3279574 (W.D.N.Y. June 15, 2016) (court should not exercise supplemental jurisdiction over NYSHRL claims after dismissing ADA claim on summary judgment); Hernandez v. Int'l Shoppes, LLC, 100 F. Supp. 3d 232, 268 (E.D.N.Y. 2015) (granting summary judgment on ADA claim and dismissing without prejudice the "analogous claims brought under NYSHRL a NYCHRL").

Accordingly, the state and local claims against New Gold should be dismissed without prejudice because of the absence of a federal interest. The state and local claims against Empire should be dismissed with prejudice because it did not operate the restaurant on the date the action accrued.

**CONCLUSION**
**THE ADA ACTION MUST BE DISMISSED WITH PREJUDICE AND THE STATE AND LOCAL LAW ACTION SHOULD BE DISMISSED WITHOUT PREJUDICE AS TO NEW GOLD AND WITH PREJUDICE AS TO EMPIRE**

Respectfully submitted

Robert F Moraco, Esq.