```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
KIRKPATRICK B. DUNBAR,                                                 :
                                                                       :
                           Plaintiff,                                  :
                                                                       :                18-CV-9625 (JPC)
               -v-                                                     :
                                                                       :                     ORDER
EMPIRE SZECHUAN NOODLE HOUSE INC. and NEW                              :
GOLD EQUITIES CORP.,                                                   :
                                                                       :
                           Defendants.                                 :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2020

JOHN P. CRONAN, United States District Judge:

On November 30, 2020, Defendant New Gold Equities Corp. filed a Motion to Dismiss the Complaint without first requesting a pre-motion conference as required under 6.A of the Court's Individual Rules and Practices in Civil Cases. (Dkt. 73.) On December 1, 2020, the Court ordered Defendant to submit a pre-motion letter by December 4, 2020, and specified that in that letter, Defendant must clearly state whether it is moving for summary judgment and/or moving to dismiss the case as moot. (Dkt. 74) That same day, Defendant submitted a letter stating that it "intended the motion filed November 30, 2020 to be a motion to dismiss upon the ground that the federal action is moot and, upon dismissal of the federal action, there is no federal interest in the local law action." (Dkt. 75.) Defendant further stated that its "[r]eference to Rule 56 was intended to notify Plaintiff that the Court might wish to consider the motion to be for summary judgment." (*Id.*) On December 9, 2020, Plaintiff filed a letter response noting that (1) Defendant's December 1, 2020 letter did not appear to be a pre-motion letter; (2) Defendant's expert report, on which it relies for the contention that the case is moot, does not include "photographic proof that the modifications have been made;" and (3) Defendant has refused to participate in any discovery. (Dkt. 76.) Despite the fact that 6.A of the Court's Individual Rules and Practices prohibits the filing of any replies, Defendant submitted a reply letter on December 9, 2020, contending that (1) it

complied with the Court's December 1, 2020 Order, which "noted that a pre-motion conference is required" and "directed defendant to submit a letter stating whether the motion filed was for summary judgment or for dismissal;" (2) his expert report is proper; and (3) his failure to respond to any discovery was due to the death of the prior attorney on this case approximately one and a half years ago.  (Dkt. 77.)

It is hereby ORDERED that the parties shall report for a telephone conference in this matter on December 21, 2020 at 10:30 a.m., during which time the Court will discuss the discovery issues and Defendant's Motion to Dismiss.  At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.

It is further ORDERED that by December 15, 2020, Defendant shall submit a proper pre-motion letter, which "shall include citations to relevant authority and should provide a brief overview of the anticipated motion."  *See* 6.A of the Court's Individual Rules and Practices in Civil Cases.  Any confusion that Defendant may have had as to whether a pre-motion letter was necessary should have been cured by the Court's December 1, 2020 Order, which, contrary to Defendant's representation in its letter, specifically ordered "that Defendants shall submit a pre-motion letter by December 4, 2020."  (Dkt. 74.)  Plaintiff shall file a response by December 18, 2020.  No replies are permitted.

SO ORDERED.

Dated: December 10, 2020
      New York, New York

                                           JOHN P. CRONAN
                                   United States District Judge